IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

CYNTHIA JOY BARRÓN-RUIZ,

Plaintiff

v.                                                      CIVIL 08-1826 (DRD)

AMERICAN AIRLINES, INC.,

Defendant

MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the court on plaintiff Cynthia Joy Barrón-Ruiz' motion to dismiss defendant American Airlines' ("AA") counterclaims against her. (Docket No. 18.) In her motion filed November 24, 2008, Barrón invokes Rule 9(b) of the Federal Rules of Civil Procedure, as well as a statute of limitations defense. AA filed its opposition to Barrón's motion on December 15, 2008. (Docket No. 20.)

This case originated on July 18, 2008 in the Commonwealth of Puerto Rico's Court of First Instance in Carolina, Puerto Rico, where Barrón filed a complaint against AA alleging violations of Puerto Rico Law 80, P.R. Laws Ann. tit. 29 § 185(a) *et seq*. (Docket Nos. 1, 1-2.) On July 31, 2008, AA filed a notice of removal before this court. (Docket No. 1.) On August 11, 2008, AA filed an answer to Barrón's complaint along with a counterclaim alleging fraud under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141. (Docket No. 9.) In response to a motion by Barrón seeking a more definite statement

CIVIL 08-1826 (DRD)			2

under Federal Rules of Civil Procedure 8 and 9(b), AA subsequently filed an Amended Counterclaim.  (Docket No. 14.)

I.	FACTUAL BACKGROUND

AA is a corporation incorporated under the laws of the State of Delaware whose principal place of business is in the State of Texas.  (Docket No. 14, at 1, ¶ 3.)  Barrón is a resident of Puerto Rico who began working for AA's Admiral's Club at the Luis Muñoz Marín International Airport in Carolina, Puerto Rico in 1989 under an employment contract for an indefinite time period.  (Docket No. 8-2, at 1.)  Her initial title was Senior Sales Resolution Desk Representative, (Docket No. 14, at 2, ¶ 5), and she was promoted to Premium Services Representative on June 26, 2000.  (Id. ¶ 6.)  In that position she was responsible for providing customer service for Admirals Club members and their guests, top tier AAdvantage members, and VIP passengers.  She was also expected to maximize revenues via membership sales, catering, conference and business center amenities, flight reservations, ticketing, ticket revenue conversion, and bar sales.

Barrón received training on the Company's Fare Waivers, Upgrades and Gift Acceptance Policy ("Waivers and Favors Policy") on March 19, 2001, June 16, 2002, November 19, 2003 and May 6, 2007.  (Id. ¶ 8.)  The policy provides that employees may waive a fare rule and/or award a complimentary upgrade when American Airlines has caused a service failure.  (Id. at 3, ¶ 10.)  Before waiving a fare rule or providing a customer with a complimentary upgrade, the policy

CIVIL 08-1826 (DRD)                              3

provides that employees are to discuss the decision with "the OC, lead agent, ATO coordinator, supervisor, CSM or member of management." (Id.) It also provides that employees "should never provide compensation, complimentary upgrades, or fare rule waivers for friends, acquaintances, relatives, [themselves], or other employees unless it has first been approved by" one of the aforementioned supervisors. (Id.) It is a violation of the policy to provide one of these benefits when a service failure has not occurred. (Id. at 4.) Rule 34 of the policy states that "[d]ishonesty of any kind in relations with the Company, such as . . . misrepresentation in obtaining employee benefits or privileges, will be grounds for dismissal . . . . " (Id. ¶ 11.)

Barrón notes that she never received any corrective disciplinary action during her employment with AA. In April 2008, however, after an internal audit "relating to employees who had been providing vouchers to friends and family travelers," AA's Corporate Security Department ("Security Department") began investigating Barrón. (Docket No. 20, at 6.) The Security Department interviewed Barrón on April 16, 2008 and determined that she had engaged in improper and fraudulent ticketing and voucher activity. AA's counterclaim details ten separate incidents in which Barrón is alleged to have provided benefits to family members and "guest travelers"[1] in violation of the Waivers and Favors

---

[1] AA fails to define what a guest traveler is. I will infer from context and from the Waivers and Favors Policy that it refers to "friends, acquaintances,

CIVIL 08-1826 (DRD)                              4

Policy. (Docket No. 14, at 4-7, ¶ 13.) It also details three separate incidents in which she allegedly performed improper transactions for passengers other than family members or guest travelers. (Id. ¶ 14.) For every one of these alleged transactions, AA provides a date, a ticket number, and a description of how Barrón violated company policy. Paragraph 13-b of the counterclaim is a representative example of these allegations:

> On March 21, 2006, Plaintiff exchanged a ticket (0012146335897 to 0012175249193) for a current guest traveler without collecting the applicable change fee and without management approval to waive the change fee. This ticket did not involve travel to or from Puerto Rico.

(Docket No. 14, at 5, ¶ 13-b.) AA alleges that Barrón was aware of the Waivers and Favors policy, and that she knowingly and wilfully intended to defraud AA by her actions. (Id. at 8-9.) It alleges that Barrón's fraudulent transactions cost the company approximately $2,907.00, plus interest. (Id. at 8, ¶ 15.) On May 13, 2008, AA terminated Barrón. She then brought this action for unjust termination under Puerto Rico's Law 80. (Docket No. 8-2, at 2.)

II.     APPLICABLE STANDARD

Barrón predicates one of her arguments on Federal Rule of Civil Procedure 9(b), which provides:

> In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or

relatives, [Barrón herself], or other employees."

CIVIL 08-1826 (DRD)                          5

>mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally.

Fed. R. Civ. P. 9(b).  Failure to comply with the rule can result in dismissal of the complaint.  <u>Universal Commc'n Sys., Inc. v. Lycos, Inc.</u>, 478 F.3d 413, 427 (1st Cir. 2007).

Barrón's second argument is based on the statute of limitations. "[a]ffirmative defenses, such as the statute of limitations, may be raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), provided that 'the facts establishing the defense [are] "clear on the face of the pleadings."'" <u>Trans-Spec Truck Serv., Inc. v. Caterpillar Inc.</u>, 524 F.3d 315, 320 (1st Cir. 2008) (quoting <u>Blackstone Realty LLC v. FDIC</u>, 244 F.3d 193, 197 (1st Cir. 2001) (quoting <u>Aldahonda-Rivera v. Parke Davis & Co.</u>, 882 F.2d 590, 591 (1st Cir. 1989)). "Granting a motion to dismiss based on a limitations defense is entirely appropriate when the pleader's allegations leave no doubt that an asserted claim is time-barred." <u>LaChapelle v. Berkshire Life Ins. Co.</u>, 142 F.3d 507, 509 (1st Cir. 1998) (citing <u>Street v. Vose</u>, 936 F.2d 38, 39 (1st Cir. 1991); <u>Kali Seafood, Inc. v. Howe Corp.</u>, 887 F.2d 7, 9 (1st Cir. 1989)).  However, on a motion to dismiss inferences are to be drawn in the nonmovant's favor.  <u>Perry v. New England Bus. Serv., Inc.</u>, 347 F.3d 343, 344 (1st Cir. 2003) (citing <u>Beddall v. State St. Bank & Trust Co.</u>, 137 F.3d 12, 16 (1st Cir. 1998)).

CIVIL 08-1826 (DRD)                6

III.   DISCUSSION

A.   Subject Matter Jurisdiction

While neither of the parties devotes an argument to subject matter jurisdiction, the presence of jurisdiction in this case is far from self-evident. "Jurisdictional issues may be raised at any time by any party and by the Court on its own motion." Cordero, Miranda & Pinto v. Winn, 721 F. Supp. 1496, 1497 (D.P.R. 1989) (citing Coggeshall Dev. Corp. v. Diamond, 884 F.2d 1 (1st Cir. 1989)).  A party's "general allegation of damages that meet the amount requirement suffices unless questioned by the opposing party *or the court*." Stewart v. Tupperware Corp., 356 F.3d 335, 338 (1st Cir. 2004) (citing Spielman v. Genzyme Corp., 251 F.3d 1, 5 (1st Cir. 2001) (citing Dep't of Recreation & Sports v. World Boxing Ass'n, 942 F.2d 84, 88 (1st Cir. 1991)) (emphasis added).

Here, AA asserted in its Notice of Removal that the court has diversity jurisdiction pursuant to 28 U.S.C. §§ 1332(a) and 1441.  Indeed, it is undisputed that the parties are of diverse citizenship.  Barrón's complaint, however, only requests $69,394.40 in damages, which is less than the $75,000 necessary to confer diversity jurisdiction. 28 U.S.C. § 1332(a). AA contends that this does not destroy jurisdiction because the complaint also seeks payment for "all costs, expenses, interests [sic] plus a sum equal to 25% of that requested, for attorneys fees . . . . " (Docket No. 8-2, at 2, ¶ 9-b.)  Thus, according to AA, 25% of the

CIVIL 08-1826 (DRD)                              7

$69,394.40 in damages would total more than $75,000 and satisfy the jurisdictional requirement.

The general rule is that "attorney's fees are excluded from the amount-in-controversy determination. . . . " Spielman v. Genzyme Corp., 251 F.3d at 7. This is true "unless [attorney's fees are] authorized by statute or contract, or other legal authority." Cordero, Miranda & Pinto v. Winn, 721 F. Supp. at 1497 (dismissing complaint for lack of subject matter jurisdiction where plaintiff failed to allege in its complaint that it was entitled to attorney's fees under statute or contract). In this case, the statute in question is Law 80. Section 185(k) of Law 80 indirectly authorizes attorney's fees. It provides that if the court believes that the plaintiff has advanced a credible case, it:

> shall order the employer who has been sued to deposit . . . an . . . amount for covering attorney fees, which shall never be less than a percentage of the total compensation or one hundred dollars ($100), whichever is higher.

P.R. Laws Ann. tit. 29 § 185k(b). Moreover, "[t]he Supreme Court of Puerto Rico has found that Law 80 allows for reasonable attorney's fees in the amount of 25% in a case of an unjust dismissal." Asociación de Empleados del E.L.A. v. Unión Internacional de Trabajadores de la Industria de Automóviles, 515 F. Supp. 2d 209, 219 (D.P.R. 2007), judgment rev'd in part by 559 F.3d 44 (1st Cir. Mar. 6, 2009), reh'g en banc denied No. 07-2636 (1st Cir. Apr. 2, 2009), (citing López Vicil v. ITT Intermedia Inc, 143 D.P.R. 574 (1997); Belk Arce v. Martínez, 146

CIVIL 08-1826 (DRD)                              8

D.P.R. 215 (1998)).  Thus, attorney's fees are authorized under these circumstances.  Indeed, the 25% requested in Barrón's complaint is the exact percentage recognized in Asociación de Empleados del E.L.A. v. Union Internacional de Trabajadores de la Industria de Automóviles, 515 F. Supp. 2d at 219.  Accordingly, attorney's fees are to be included in calculating the amount in controversy, resulting in the satisfaction of the jurisdictional amount requirement for purposes of subject matter jurisdiction.  Therefore the court has subject matter jurisdiction over Barrón's original claim.  The court also has jurisdiction over AA's counterclaims pursuant to 28 U.S.C. § 1367(a), as AA's claim for the alleged fraud that led to Barrón's termination is part of the same case or controversy as Barrón's claim for her allegedly unjustified termination.

     B.    Rule 9(b)

Barrón argues that AA failed to state with particularity the circumstances constituting the fraud of which she is accused.  Rule 9(b) "imposes a heightened pleading requirement on plaintiffs alleging fraud." Suna v. Bailey Corp., 107 F.3d 64, 68 (1st Cir. 1997) (citing Lucia v. Prospect St. High Income Portfolio, Inc., 36 F.3d 170, 174 (1st Cir. 1994)).  In practice, however, "[c]ourts infrequently dismiss with prejudice for a failure to plead with sufficient particularity, at least not without providing an opportunity to replead.  To impose such a drastic sanction for a pleading defect arguably is at odds with the liberal approach the federal rules as a whole take to the pleading phase of litigation and could lead to

CIVIL 08-1826 (DRD)                     9

injustice." 5A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure Civ. 3d § 1296; see Norte Car Corp. v. Firstbank Corp., 25 F. Supp. 2d 9, 15 (D.P.R. 1998) (dismissing without prejudice under Rule 9(b), and granting plaintiff leave to replead causes of action within 30 days of order).  Nonetheless, "[t]o satisfy the particularity element, we require that [a] . . . complaint include the 'time, place, and content of the alleged misrepresentation with specificity.'" Sec. Exch. Comm'n v. Tambone, 550 F.3d 106, 118 (1st Cir. 2008) (quoting Greebel v. FTP Software, Inc., 194 F.3d 185, 193 (1st Cir. 1999)).

Here, AA alleges that Barrón's activities were fraudulent, and Rule 9(b) therefore applies. (Docket No. 14, at 8, ¶ 15.) For each alleged incident of fraud enumerated in its counterclaim, AA provides the date, airline ticket number, type of passenger (i.e. cousin, former guest traveler, current guest traveler, Registered Companion traveler, Admiral Club Member, Advantage Platinum member, or AAdvantage member), and action allegedly taken by Barrón.  I find that such detail states with sufficient particularity the circumstances of the alleged fraud under Rule 9(b). See Efrón v. Embassy Suites (P.R.), Inc., 47 F. Supp. 2d 200, 204 (D.P.R. 1999) (complaint was sufficient where, "in the complaint, plaintiff . . . briefly set forth the dates, contents, and circumstances surrounding each alleged incident of mail or wire fraud."); cf. Norte Car Corp. v. Firstbank Corp., 25 F. Supp. 2d at 15 (complaint was insufficient where it included no dates or transaction numbers for the alleged fraud); Universal Commc'n Sys., Inc. v.

CIVIL 08-1826 (DRD)                10

Lycos, Inc., 478 F.3d at 426 (complaint was insufficient where it contained "only a single allegation that '[u]pon information and belief,' the individual defendants 'fraudulently manipulate[d] the market in the securities for publicly traded companies' using a short-selling scheme. Nowhere [did] the complaint specifically allege UCS stock transactions by the defendants.").

While the circumstances of fraud must be alleged with specificity, the knowledge or mental state of the defendant "may be alleged generally." Fed. R. Civ. P. 9(b). The complaint is sufficient if it can "afford a basis for believing that plaintiffs could prove scienter." Greenstone v. Cambex Corp., 975 F.2d 22, 25 (1st Cir. 1992) (quoting DiLeo v. Ernst & Young, 901 F.2d 624, 629 (7th Cir. 1990)). Here, AA cites specific provisions of its Waivers and Favors Policy that prohibited the alleged actions of Barrón. (Docket No. 14, at 3-4). It cites four specific dates upon which Barrón received training on the policy. (Id. at 2, ¶ 8.) A reasonable fact finder could thus conclude that Barrón knew that her actions violated the policy when she took them. Accordingly, I find that AA's counterclaim contains sufficient allegations to satisfy Rule 9(b), and I recommend that Barrón's motion to dismiss pursuant to that rule be DENIED.

C.   Statute of Limitations

Barrón also alleges that a number of AA's counterclaims are time-barred. (Docket No. 18, at 5.) She correctly points out that actions under Article 1802 of the Puerto Rico Civil Code, P.R. Laws Ann. tit. 31, § 5141, such as AA's

CIVIL 08-1826 (DRD)                           11

counterclaim, are subject to a one-year limitations period. P.R. Laws Ann. tit. 31, § 5298(2). As AA filed its counterclaim on August 11, 2008, Barrón advocates dismissal of all claims arising prior to August 11, 2007. "It is well established that when an action is filed more than a year after the injury takes place, plaintiff carries the burden of proving that he lacked the required 'knowledge' within the statutory period." Fragoso de Conway v. López, 794 F. Supp. 49, 51 (D.P.R. 1992) (citing Hodge v. Parke Davis & Co., 833 F.2d 6, 7 (1st Cir. 1987)); see Tokyo Marine & Fire Ins. Co. v. Pérez y Cia., de P.R., Inc., 142 F.3d 1, 4 (1st Cir. 1998). Here, many of the injuries alleged by AA occurred prior to August 11, 2007, so AA will ultimately bear the burden of establishing that it did not have the requisite knowledge of those injuries prior to that date. Inferences are drawn in AA's favor, however, on this motion to dismiss. Perry v. New England Bus. Serv., Inc., 347 F.3d at 344 (citing Beddall v. State St. Bank & Trust Co., 137 F.3d at 16).

The statute begins to run "from the time the aggrieved person had knowledge thereof." P.R. Laws Ann. tit. 31, § 5298(2). This has been interpreted to mean that the statute runs from the time the plaintiff (1) has actual knowledge of the injury, or (2) with due diligence would possess information sufficient to permit suit. Villarini-García v. Hosp. del Maestro, Inc., 8 F.3d 81, 84 (1st Cir. 1993). "[N]otice of the injury occurs when there 'exist some outward or physical signs through which the aggrieved party may become aware and realize that he

CIVIL 08-1826 (DRD)                              12

has suffered an injurious aftereffect, which when known becomes a damage even if at the time its full scope and extent cannot be weighed.'" <u>Vargas-Ruiz v. Golden Arch Dev., Inc.</u>, 283 F. Supp. 2d 450, 455 (D.P.R. 2003) (quoting <u>Torres v. E.I. Dupont de Nemours & Co.</u>, 219 F.3d 13, 19 (1st Cir. 2000); <u>Delgado Rodríguez v. Nazario de Ferrer</u>, 121 D.P.R. 347, 360 (1988)).  The question "whether the plaintiff has exercised reasonable diligence is typically given to the jury . . . because 'the issues of due diligence and adequate knowledge are still ones for the jury so long as the outcome is within the range where reasonable men and women can differ.'" <u>Santos-Espada v. Cancel-Lugo</u>, 312 F.3d 1, 4 (1st Cir. 2002) (quoting <u>Villarini-García v. Hosp. del Maestro, Inc.</u>, 8 F.3d at 87)).

   Here, AA alleges that it learned of Barrón's alleged fraud as a result of an internal audit, which prompted an investigation into Barrón's activities and led to the fraud's discovery.  (Docket No. 20, at 6.)  Barrón does not allege that there were outward or physical signs of her fraud prior to the audit and investigation. As a large corporation responsible for serving airline passengers across the United States and in other countries, it would be reasonable not to expect AA to notice an irregularity totaling less than $3,000 without taking such measures.  It would likely be impracticable for the company to constantly monitor each individual service representative in its employ.  As an alternative to such a costly measure, AA performed the audit, presumably to deter and counteract any fraud such as the one alleged here.  Barrón does not argue that the audit and investigation were

CIVIL 08-1826 (DRD)                              13

insufficiently diligent, and I find that the audit and investigation satisfy the due diligence standard under Puerto Rico's statute of limitations.  A reasonable factfinder could conclude that AA did not know of its injury until April 2008, and would not, with due diligence, have likely learned of the injury prior to that time. As AA's counterclaim was filed within a year of April 2008, I recommend that Barrón's motion do dismiss based upon the defense of limitations be DENIED.

## CONCLUSION

AA's counterclaim sufficiently identifies the time, place and content of its allegations against Barrón, such that it satisfies the requirements of Rule 9(b). Additionally, Barrón presents no reason why AA should have known of her fraud prior to April 2008, nor does she explain why AA's audit and investigation of the fraud constituted insufficient due diligence.  Therefore AA's fraud claims were filed within the limitations period.  Accordingly, I recommend that Barrón's motion to dismiss be DENIED.

Under the provisions of Rule 72(d), Local Rules, District of Puerto Rico, any party who objects to this report and recommendation must file a written objection thereto with the Clerk of this Court within ten (10) days of the party's receipt of this report and recommendation.  That period has been reduced in this case to five (5) days by court order.  (Docket No. 31.)  The written objections must specifically identify the portion of the recommendation, or report to which objection is made and the basis for such objections.  Failure to comply with this

CIVIL 08-1826 (DRD)                            14

rule precludes further appellate review. See Thomas v. Arn, 474 U.S. 140, 155 (1985); Davet v. Maccorone, 973 F.2d 22, 30-31 (1st Cir. 1992); Paterson-Leitch Co. v. Mass. Mun. Wholesale Elec. Co., 840 F.2d 985 (1st Cir. 1988); Borden v. Sec'y of Health & Human Servs., 836 F.2d 4, 6 (1st Cir. 1987); Scott v. Schweiker, 702 F.2d 13, 14 (1st Cir. 1983); United States v. Vega, 678 F.2d 376, 378-79 (1st Cir. 1982); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603 (1st Cir. 1980).

At San Juan, Puerto Rico, this 26th day of May, 2009.

S/ JUSTO ARENAS  
Chief United States Magistrate Judge