IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | | |
|---|---|---|
| **CYNTHIA JOY BARRON-RUIZ,** | * | |
| Plaintiff, | * | |
| v. | * | CIVIL NO. 08-1826 (DRD) |
| **AMERICAN AIRLINES, INC.,** | * | |
| Defendant, | * | |

_____

**ORDER ADOPTING REPORT AND RECOMMENDATION**

Pending before the court is defendant's American Airlines, Inc.'s Motion to Dismiss Federal Claims and Time Bared Claims, (Docket No. 18), and Plaintiff's Opposition thereto, (Docket No. 20). The resolution of the matter was referred to the Magistrate Judge by the District Court, (Docket No. 31). The Honorable Magistrate Judge Justo Arenas entered his Report and Recommendation on May 26, 2009. The Magistrate Judge granted the parties ten days on May 26, 2009 to object the Report and Recommendation pursuant to local Rule 72(d), the Local Rules of the District Court of Puerto Rico, (Docket No. 33). No opposition has been filed to this date.

The instant case originally was a claim under the local severance law, Law 80 of 1976, P.R. Laws Ann. Tit. 29 § 185 et seq. The defendant timely removed under diversity jurisdiction, (Docket No. 1). No opposition has been lodged as to the removal to this court. This court notes probable jurisdiction under diversity jurisdiction, 28 U.S.C.A. 1332(a), as plaintiff is a resident of Puerto Rico and defendant, American Airlines, Inc., is incorporated in the state of Delaware, having its principal place of business ("nerve center") in the state

1

of Texas.

The issue under advisement relates to an amended counterclaim filed by American Airlines, hereinafter referred to as "AA", (Docket No. 14), wherein AA alleges that plaintiff has incurred in fraud and other work related misconduct as a just cause for termination under Law 80 of 1976 and as a separate cause of action against plaintiff (ten separate incidents). Plaintiff, Cynthia Joy Barron-Ruiz, hereinafter referred to as "Barron-Ruiz," has filed a motion requesting said work related claims to be dismissed as time barred and as insufficiently plead under Fed. R. Civ. P. 9(b) as to a fraud claim, (Docket No. 18). After reviewing the matter the Magistrate Judge denied the request finding that the counterclaim "sufficiently identifies the time, place and content of its allegations" against Barron-Ruiz related to job performance in violation to corporate work, rules, waivers and favor policy. The Magistrate Judge found that the allegations complied with Fed. R. Civ. P. 9(b). The Magistrate Judge specifically determined that the allegations as to fraud were properly alleged under Rule 9(b) citing Universal Communication System, Inc. v. Lycos, Inc. 478 F.3d 413, 427 (1st Cir. 2007) (Docket No. 33 p. 4-5). The second argument of plaintiff was that the alleged claims for fraud in the counterclaim were time barred. Examining the motion on a motion to dismiss standard, making all reasonable inferences and taking the allegations as true, the Magistrate Judge found that they were not time-barred citing Perez v. New England Bus Serv. Inc., 347 F.3d 343,344 (1st Cir. 2003) and other citations herein omitted. (Docket No. 33 p. 5-6.)

The Magistrate Judge first tackled on the merits the issue of jurisdiction since the amount claimed was less than $75,000.00. However, the Magistrate Judge found that since lawyer's fees are claimed pursuant to a statute, P.R. Laws Ann. Tit. 29 § 185 (k), the

2

amount of the claims plus the amount authorized under the statute satisfied the well accepted exception to the general rule that lawyer's fees are normally not counted to satisfy the jurisdictional amount of $75,000.00. Hence, the Magistrate Judge was satisfied that the claim complied with the diversity jurisdictional amount citing Cordero, Miranda & Pinto v. Winn, 721 F. Supp. 1496 (D.C.P.R. 1998).[1] (Docket No. 33 p. 6-8.)

Next the Magistrate Judge handled the matter as to whether the complaint was sufficiently well plead as required under Rule 9(b). The Magistrate Judge found that for each of the work related incidents AA provides "the date, airline ticket number, type of passenger, and the action alleged by Barron-Ruiz." (Docket No. 33 p. 9.) The Magistrate Judge found that such detail was legally sufficient under Rule 9(b) to satisfy an alleged fraud claim.

Finally, the Magistrate Judge found that the claims were not time barred although "many of the injuries alleged by AA occurred prior to August 11, 2007 [having AA made claim on August 11, 2008 in its counter claim, and subject to a statute of limitations of one year pursuant to Article 1802 of the local Civil Code, P.R. Laws Ann. Tit. 31 §5141] . . . American will ultimately bear the burden of establishing that it did not have the requisite knowledge of those injuries prior to said date." (Docket No. 33 p. 9-10.) The Magistrate Judge found that the knowledge pursuant to the allegations came as a result of an internal audit which did not occur until April 2009. Hence, the claim is not time barred under the motion to dismiss standard. (Docket No. 33 p. 13-13.)

The Magistrate Judge, therefore, denied the Motion to Dismiss.

---

[1] Lawyers' fees are regularly excluded from the jurisdictional amount of $75,000.00. Spielman v. Genzyme Corp., 251 F.3d 1 (1st. Cir. 2001).

## STANDARD OF REVIEW

The district court may refer dispositive motions to a United States Magistrate Judge for a report and recommendation. 28 U.S.C. § 636(b)(1)(B); Rule 72(b) of the Federal Rules of Civil Procedure ("Fed.R.Civ.P."); Local Civil Rule 72(a) of the Local Rules of the United States District Court for the District of Puerto Rico ("L.Civ.R."). See Mathews v. Weber, 423 U.S. 261 (1976). An adversely affected party may contest the Magistrate Judge's report and recommendation by filing its objections within ten (10) days after being served a copy thereof. See Fed.R.Civ.P. 72(b) and L.Civ.R. 72(d). Moreover, 28 U.S.C. § 636(b)(1) (1993), in pertinent part, provides that:

> Within ten days of being served with a copy, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. **A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.** A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate.

(Emphasis ours).

"Absent objection, ... [a] district court ha[s] a right to assume that [the affected party] agree[s] to the magistrate's recommendation." Templeman v. Chris Craft Corp., 770 F. 2d 245, 247 (1st Cir. 1985), *cert. denied*, 474 U.S. 1021 (1985). Moreover, "failure to raise objections to the Report and Recommendation waives that party's right to review in the district court, and those claims not preserved by such objections are precluded on appeal." Davet v. Maccarone, 973 F. 2d 22, 30-31 (1st Cir. 1992). *See also* Sands v. Ridefilm Corp., 212 F.3d 657, 663 (1st Cir. 2000); Henley Drilling Co. v. McGee, 36 F.3d 143, 150-151 (1st Cir. 1994) (holding that objections are required when challenging findings actually

set out in magistrate's recommendation, as well as magistrate's failure to make additional findings); Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir.1993) (stating that "[o]bjection to a magistrate's report preserves only those objections that are specified"); Keating v. Secretary of H.H.S.,848 F.2d 271, 275 (1st Cir. 1988); Borden v. Secretary of H.H.S., 836 F.2d 4, 6 (1st Cir. 1987) (holding that appellant was entitled to a *de novo* review, "however he was not entitled to a *de novo* review of an argument never raised"). *See also* United States v. Valencia, 792 F.2d 4, 6 (1st Cir.1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir.1980). The Court, in order to accept the unopposed R & R, needs only satisfy itself by ascertaining that there is no "plain error" on the face of the record. See Douglass v. United Servs. Auto, Ass'n, 79 F.3d 1415, 1419 (5th Cir., 1996)(en banc)(extending the deferential "plain error" standard of review to the un objected legal conclusions of a magistrate judge); Nettles v. Wainwright, 677 F.2d 404, 410 (5th Cir., 1982)(en banc)(appeal from district court's acceptance of unobjected findings of magistrate judge reviewed for "plain error"); Nogueras-Cartagena v. United States, 172 F. Supp.2d 296, 305 (D.P.R., 2001)("Court reviews [unopposed] Magistrate's Report and Recommendation to ascertain whether or not the Magistrate's recommendation was clearly erroneous")(adopting the Advisory Committee note regarding Fed. R. Civ. P. 72(b)); Garcia v. I.N.S., 733 F. Supp. 1554, 1555 (M.D.Pa., 1990) ("when no objections are filed, the district court need only review the record for plain error.")

As previously explained, since the Magistrate Judge's Report and Recommendation is unopposed, this court has only to be certain that there is no "plain error" as to the Magistrate Judge's conclusions, in order to adopt the same. After a careful analysis, the

court finds no "plain error" and agrees with the Magistrate's conclusions. The court would reach the same decision even if the R&R had been timely objected.

## CONCLUSION

The court does not detect any "plain error" whatsoever as to the Magistrate Judge's analysis, taking into consideration the motion to dismiss standard, under either federal diversity jurisdiction, nor under satisfaction of the "specificity" requirements and application thereof to Rule 9(d) as to a fraud nor under its analysis under a time-bar defense. Consequently, the Report and Recommendation is **ADOPTED IN TOTO.**[2]

**IT IS SO ORDERED**.

At San Juan, Puerto Rico, this 29TH day of September 2009.

s/ Daniel R. Domínguez
**DANIEL R. DOMINGUEZ**
**U.S. DISTRICT JUDGE**

---

[2] "The court need not go further for it refuses to write at length to no other end than to hear its own words resonate as to the instances alleged as errors by plaintiff." Where as here, a [Magistrate] has produced a first-rate work product, a reviewing tribunal should hesitate to wax longiloquence simply to hear its own words resonate." See Lawton v. State Mut. Life Assu. Co. Of Am., 101 F.3d 218, 200 (1st Cir. 1996); In Re San Juan Dupont Plaza Hotel Fire Litig., 989 F.2d 36, 38 (1st Cir. 1993).